UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 07-45-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 6: 16-233-DCR |
| V. | ) | |
| | ) | |
| HENRY SHELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 5, 2008, Henry Shell was sentenced to a total term of imprisonment of 100 months and one day. Because Shell had served a period of incarceration for a related conviction in state court, and because of his cooperation with the government, his sentence was reduced to 84 months and one day pursuant to the 2007 edition of the United States Sentencing Guidelines, § 5G1.3(b), Note 2(D), and § 5K1.1. [Record No. 54] Shell's period of incarceration included a term of 84 months under Count 4 for brandishing a firearm during and in relation to a drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(ii) and (D)(i), (ii). [*Id.*]

Shell admitted the following facts supporting the brandishing charge:

On January 21, 2004, the KSP furnished $300 to the CW [confidential witness], with the instruction that the CW purchase cocaine from Henry Shell. The CW then proceeded to Mr. Shell's residence before returning and meeting with the KSP [Kentucky State Police] at a remote location, at which time the CW surrendered five bags of suspected cocaine. The CW informed the KSP that the CW bought the cocaine from Henry Shell for $290, then the CW provided the remaining $10 to the KSP. The CW stated that, during the drug transaction, Mr. Shell became agitated "because he was almost out of cocaine and had to go to another location to get more." The CW alleged that Mr. Shell produced a

firearm and began to "waive it around." The firearm in question was determined to be a Ruger P89, nine millimeter pistol.

[Presentence Investigation Report; Record No. 57. *See also*, Plea Agreement, ¶ 3(b); Record No. 53.]

Shell was released from the original term of incarceration imposed by the Court on April 11, 2013, and commenced service of a three-year term of supervised release on that date. However, on January 21, 2015, the United States Probation Office reported that Shell had violated the terms and conditions of his supervised release by improperly using or disposing of a thirty-day supply of hydrocodone/acetaminophen tablets (90 total) within two days of the prescription being filled. Additionally, a urine sample taken from Shell on January 15, 2015, indicated that he had illegally used the prescription drug Suboxone which was not prescribed for him by a physician.

An evidentiary hearing on the alleged violations was held on February 6, 2015. Based on the evidence produced by the United States, the Court found that Shell had violated the terms and conditions of supervised release, as alleged by the United States Probation Office. After hearing from the parties and considering all relevant factors of 18 U.S.C. § 3553(a), Shell's original term of supervised release was revoked and a term of incarceration of 56 months was imposed. An additional term of supervised release of 60 months was imposed to follow this period of incarceration. [Record No. 73] Shell thereafter appealed this Court determination to the United States Court of Appeals for the Sixth Circuit. [Record No. 74]

On January 28, 2016, the Sixth Circuit affirmed this Court's determination regarding Shell's violations of supervision and the penalty imposed for the violations. [Record No. 79]

In relevant part, the appellate court concluded that this Court's sentence for the violations of supervised release was both substantively and procedurally reasonable.

> At sentencing, the district court considered Shell's history and characteristic, noting Shell's false testimony and his inability to account for all of his prescription medication on two prior occasions, which demonstrated a pattern of conduct. The court also considered application of note 4 of USSG § 7B1.4 (cmt., n.4) (noting that an upward departure might be warranted if the defendant's original sentence was the result of a downward departure or a charge reduction that resulted in a sentence that was below the guidelines range applicable to the underlying conduct). Additionally, the court considered the seriousness of the offense, the need to impose a sentence promoting respect for the law and just punishment, the need to deter Shell and others from violating the conditions of supervised release, the need to protect the public, and the need to avoid unwarranted sentencing disparities. The court properly considered and weighed the § 3553(a) factors and the Chapter Seven policy statements, and thus it did not impose a substantively unreasonable sentence.

[*Id.*, p. 6-7]

Shell has now filed a motion to vacate his original sentence under 28 U.S.C. § 2255, requesting relief under *Johnson v. United States*, 133 S.Ct. 2551 (2015). [Record No. 81] He argues that the Supreme Court's decision in *Johnson* (i.e., that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague) requires a similar result here: that his sentencing under 18 U.S.C. §§ 924(c)(1)(A)(ii) and (D)(i), (ii) was also unconstitutional.[1]

As an initial matter, Shell may not use a § 2255 motion to challenge his original sentence under § 924(c) because he has already completed that sentence. Shell completed his term of imprisonment and began a term of supervised release on April 11, 2013. That original term of supervision was subsequently revoked on February 9, 2015. [Record No. 76] Shell is

---

[1] There are other reasons which prevent the relief sought by the Shell, such as waiver and the one-year period for seeking such relief as outlined in 28 U.S.C. § 2255(f). As a matter of judicial economy, the Court will not address those grounds at this time.

currently in custody on a different sentence and has not been in custody on his original sentence since the date that his original term of supervised release was revoked.

An individual may only seek relief under § 2255 if he is attacking the judgment under which he is currently in custody. If the person has already served the sentence that he is attacking in his § 2255 motion, then he is not in custody under that sentence and cannot proceed under § 2255. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Because Shell is seeking to challenge a sentence on which he is no longer in custody, a § 2255 challenge of that sentence is not available to him.

However, even assuming that Shell were able to challenge his original sentence through a § 2255 motion, his challenge based on *Johnson* fails. In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague. However, Shell was not sentenced under that part of the statute. He was sentenced under an entirely different section of 18 U.S.C. § 924. The *Johnson* decision does not address the section applicable in Shell's case.

Moreover, the Sixth Circuit has held that an enhancement for a "crime of violence" under § 924(c) remains constitutional following *Johnson* because the Court's holding in *Johnson* does not require a conclusion that this term is unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). As a result, the *Johnson* decision has no impact on Shell's sentence, and does not entitle him to the relief that he seeks. Additionally, the Sixth Circuit has upheld the constitutionally of requiring a defendant's sentence for possession of a firearm in furtherance of a drug trafficking crime under § 924(c)(1)(A) under both the Ex Post Facto and Due Process Clauses. *United States v. Logan*, 529 Fed. Appx. 477, 481 (6th Cir.

2013). Simply put, the statutory sections not addressed in the Supreme Court's holding in *Johnson* remain valid and enforceable.

Finally, the Court will deny a Certificate of Appealability. Under *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), Shell must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Because no jurist of reason would debate the Court's procedural ruling, denial of a certificate of appealability is appropriate. Accordingly, it is hereby

**ORDERED** that Defendant Henry Shell's motion to vacate his original sentence under 28 U.S.C. § 2255 [Record No. 81] is **DENIED**.

This 21st day of October, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge